**The TORRINGTON COMPANY, Plaintiff–Appellant,**

v.

**The UNITED STATES, Fag Kugelfischer Georg Schaefer KGaA, Fag Cuscinetti, S.p.A. and Fag Bearings, Corp.; Kippon Seiko, K.K. and NSK Corp.; Caterpillar, Inc.; Koyo Seiko Co., Ltd. and Koyo Corp. of U.S.A.; Hoesch Rothe Erde Schmiedag AG and Rotek Inc.; and NTN Corp., NTN Bearing Corporation of America, American NTN Bearing Manufacturing Corp. and NTN**

**Toyo Bearing Co., Ltd.; SKF USA, Inc., AB SKF, SKF GmbH and SKF Gleitlager GmbH, SKF France, RIV–SKF Industries, S.p.A., SKF Sverige AB and SKF (U.K.) Ltd.; ICSA Industria Cuscinneti S.p.A., Defendants–Appellees.**

No. 91–1084.

United States Court of Appeals, Federal Circuit.

July 3, 1991.

Terence P. Stewart, Stewart & Stewart, Washington, D.C., argued for plaintiff-appellant. With him on the brief were Eugene L. Stewart and James R. Cannon, Jr.

Frances Marshall, Office of the Gen. Counsel, U.S. Intern. Trade Com'n, Washington, D.C., argued for defendants-appellees, The U.S. With her on the brief were Stephen A. McLaughlin, Office of the Gen. Counsel and James A. Toupin, Asst. Gen. Counsel. Herbert C. Shelley, Howrey & Simon, Washington, D.C., argued for defendants-appellees, SKF USA, et al. With him on the brief was Alice A. Kipel.

Louis S. Mastriani and Barbara A. Murphy, Adduci, Mastriani, Meeks & Schill, Washington, D.C., were on the brief for intervenors-appellees, FAG Kugelfischer Georg Schaefer KGaA, FAG Cuscinetti SpA and FAG Bearings Corp.

Peter O. Suchman and Neil R. Ellis, Powell, Goldstein, Frazer & Murphy, Washington, D.C., were on the brief for defendants-appellees, Caterpillar, Inc.

Walter A. Smith, Jr., Lewis E. Leibowitz and David W. Phillips, Hogan and Hartson, Washington, D.C., were on the brief for defendants-appellees, Hoesch Rothe Erde Schmiedag AG and Rotek, Inc.

Donald J. Unger, Robert E. Burke, Brian F. Walsh and Jesse M. Gerson, Chicago, Ill., were on the brief for defendants-appellees, NTN Corp., NTN Bearing Corp. of America, American NTN Bearing Mfg. Corp. and NTN Toyo Bearing Co., Ltd.

Robert A. Lipstein and Nathan V. Holt, Coudert Brothers, Washington, D.C., represented defendants-appellees, Nippon Seiko.

Pierre F. De Ravel D'Esclapon and Thomas R. Trowbridge, III, New York City, represented defendants-appellees, ISCA Industries Cuscinetti S.p.A.

Before RICH, ARCHER, and LOURIE, Circuit Judges.

LOURIE, Circuit Judge.

This is an appeal from the September 11, 1990, judgment of the Court of International Trade which held that the International Trade Commission has the authority to determine which domestic products are "like products", even if the determination differs from the like product description in the petition to the Commission, and that the determination was supported by substantial evidence. *Torrington Co. v. United States*, 747 F.Supp. 744 (Ct.Int'l Trade 1990). We affirm.

## BACKGROUND

On March 31, 1988, the Torrington Company filed an antidumping and countervailing duty petition with the International Trade Commission on behalf of the domestic industry that produces antifriction bearings. The petition described one type of product, antifriction bearings.

Based on the petition, the Commission initiated an investigation. In May 1989, the Commission issued final injury determinations for six types of products, *viz.*, (1) ball bearings, (2) spherical roller bearings, (3) cylindrical roller bearings, (4) needle roller bearings, (5) plain bearings, and (6) slewing rings. Subsequently, the Commission rendered affirmative injury determinations only for types 1, 3, and 5.

Torrington appealed the Commission's determination that there were six "like products" to the Court of International Trade. The court did not review the injury determinations, nor do we. It held that the Commission did not err in determining that there were six like products as opposed to the one product alleged in Torrington's petition, and that this determination was supported by substantial evidence. This appeal followed.

## DISCUSSION

The principal issues here are (1) whether the Commission has the discretionary authority to determine the number of like products in an antidumping and countervailing duty investigation, and (2) whether the Commission's determination that there

were six like products was supported by substantial evidence. The first issue is a legal one which we review *de novo, Matsushita Elec. Indus. Co. v. United States,* 929 F.2d 1577, 1578 (Fed.Cir.1991); in the second, we review the evidence of record to determine whether substantial evidence supports the Commission's determination, *American Permac, Inc. v. United States,* 831 F.2d 269, 273, 6 Fed.Cir. (T) 6, 10–11 (1987), *cert. dismissed,* 485 U.S. 901, 108 S.Ct. 1067, 99 L.Ed.2d 229 (1988).

Appellant argues that the Commission's determination that there were six like products was in error because it relied upon an erroneous determination of the Department of Commerce that there were five classes of bearings, that the Commission abused its discretion, and that its determination was unsupported by substantial evidence.

■ Because the trial court performed a thorough and correct analysis of the facts and arguments raised, we affirm its decision and adopt its opinion as our own. Moreover, we note that the Commission is charged with administering the involved sections of the antidumping and countervailing duty laws. We will not disturb its interpretation unless it is unreasonable, and we conclude that it is not. *See Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843–44, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984). We have considered all of appellant's arguments and find no reason to reverse the Court of International Trade.

## CONCLUSION

The International Trade Commission has the discretionary authority to define the like products that are the subject of an antidumping and countervailing duty investigation. Its determination was supported by substantial evidence. The judgment of the court is therefore

AFFIRMED.